**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ismael Antonio Murphy-Richardson, | No. CV-21-00955-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Maricopa County Superior Court, et al., | |
| Respondents. | |

Petitioner Ismael Antonio Murphy-Richardson seeks federal habeas relief under 28 U.S.C. § 2254 connected to his convictions in two 2016 criminal cases. (Doc. 10 at 1). Murphy-Richardson pled guilty to one count of second degree Trafficking in Stolen Property, one count of Taking Identity of Another, and one count of Theft of Credit Card by Fraudulent Means. (Doc. 72 at 2-3). While on probation for those offenses, Murphy-Richardson committed three counts of sexual assault. (Doc. 72 at 3). His probation was subsequently revoked. Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") on October 20, 2021 recommending that Murphy-Richardson's petition be denied with prejudice because it was filed too late and he did not raise his arguments in state court. (Doc. 72). The R&R accurately states the facts and the law and will be adopted in full. (Doc. 72).

Also before the Court are twenty-one motions filed by Murphy-Richardson (Docs. 53, 73, 74, 75, 77, 79, 80, 81, 83, 84, 93, 94, 97, 98, 99, 102, 108, 109, 114, 115, 116), three motions filed by the Arizona Attorney General (Docs. 84, 96, 107), and several

responses filed by both sides. (Docs. 85, 86, 87, 91, 92, 103, 104, 105, 110, 111, 112, 113). All motions will be denied as moot.

## BACKGROUND

### I. State court proceedings

Ismael Antonio Murphy-Richardson seeks federal habeas relief regarding his convictions or sentences in two 2016 Maricopa County criminal cases: CR2016-002165-001 and CR2016-002960-001. (Doc. 10 at 1).

In CR2016-2165-001, Murphy-Richardson pled guilty to one count of second degree Trafficking in Stolen Property, a class 3 felony, for recklessly trafficking a stolen Playstation 4 and games. (Doc. 23-1 at 4-5, 25). In CR2016-002960-001, Murphy-Richardson pled guilty to one count of Taking Identity of Another, a class 4 felony, for knowingly taking identifying information of another person and knowingly controlling their Bank of America credit card without their consent. (Doc. 23-1 at 13, 32).

On January 19, 2017, Murphy-Richardson was sentenced by the superior court to a term of probation of three years on each count, to run concurrently. (Doc. 23-1 at 39-42, 44-48). He received a notice of rights on the sentence date, which advised him of the 90-day time limit for filing post-conviction relief proceedings in state court. (Doc. 23-1 at 81-82, 165, 172).

In January 2018, the superior court issued petitions to revoke Murphy-Richardson's probation on the ground he had committed several crimes while on probation, including sexual assault and kidnapping.[1] (Doc. 23-1 at 50-52, 54-56). On December 13, 2018, Murphy-Richardson pled guilty to three counts of sexual assault. (Doc. 23-1 at 111-14). On February 1, 2019, the superior court held a consolidated sentencing hearing where it found Murphy-Richardson "in automatic violation of the terms of probation in CR2016-002960-001 and CR2016-002165-001." (Doc. 23-1 at 116). The superior court sentenced Murphy-Richardson to a term of 3.5 years imprisonment in CR2016-002165-001 and a

---

[1] Murphy-Richardson also challenges his convictions and sentences in the sexual assault case, CR2018-102788-001, in a separate habeas petition before the Court. CV-21-00954-PHX-ROS (DMF).

- 2 -

term of 2.5 years in 2016-002960-001, both sentences to run concurrently with each other and also with the sentence given for the first count of sexual assault. (Doc. 23-1 at 150-52). The superior court verbally informed Murphy-Richardson of his right to initiate post-conviction review proceedings within 90-days. (Doc. 23-1 at 154). Murphy-Richardson refused to sign the notice of rights. (Doc. 23-1 at 154-56). However, he had verbally acknowledged that he had 90 days from sentencing at a previous hearing. (Doc. 23-1 at 121).

On June 1, 2020, Murphy Richardson signed a notice of post-conviction relief ("PCR notice") in cases CR2016-002960-001 and CR2016-002165-001. (Doc. 23-1 at 69-73). The superior court filed the PCR notice on June 9. (Doc. 23-1 at 69). Murphy-Richardson filed an identical copy of the PCR notice on September 14. (Doc. 23-1 at 75).[2]

On November 13, 2020, Murphy-Richardson filed an additional PCR notice, challenging case CR2016-002165-001 on the ground of ineffective assistance of counsel. (Doc. 23-1 at 85-87). The superior court dismissed this PCR notice on the ground that (1) Murphy-Richardson failed to state a claim of ineffective assistance of post-conviction counsel because he had not requested appointed counsel for his prior Rule 33 proceedings, (2) his other claims were precluded or waived, and (3) he had failed to meet the legal standard for untimely assertion of claims. (Doc. 72 at 5). Murphy-Richardson did not seek review of this ruling. (Doc. 72 at 5).

On December 31, 2020, the superior court dismissed the PCR notices as untimely pursuant to Arizona Rule of Criminal Procedure 33.4(b)(3)(A). (Doc. 23-1 at 81-83). The court noted Murphy-Richardson's PCR notices were untimely by more than a year. (Doc. 23-1 at 82). Murphy-Richardson argued he was not at fault for the untimeliness due to his lack of knowledge of the law and that he had been diligent considering his lack of legal expertise. (Doc. 23-1 at 82). The superior court rejected these claims, noting it had provided him with a form notice advising him of his rights and the time limitation on post-

---

[2] The Clerk of the Superior Court stamp on the September PCR notice is difficult to read. It is possible that it was filed on September 1, 2020, rather than September 14. *See* (Doc. 23-1 at 75).

conviction review proceedings. (Doc. 23-1 at 82). The court also concluded his claims were "facially non-meritorious" in addition to untimely. (Doc. 23-1 at 83). Murphy-Richardson did not seek review of this ruling. (Doc. 72 at 5).

## II. Federal habeas proceedings

In his Amended Petition for Writ of Habeas Corpus (Doc. 10), Murphy-Richardson asserts four grounds for relief. (Doc. 10 at 6-9).

First, he alleges he was denied counsel at his initial appearance when his counsel was "totally absent or prevented from assisting" him. (Doc. 10 at 6). Second, he alleges his counsel's deficient performance in causing him to accept a plea deprived him of a fair trial and that there is a "reasonable probability that but for [his] counsel's errors he would have gone to trial." (Doc. 10 at 7). Third, he argues the superior court judge was "biased," resulting in a "structural error" and "wrongful conviction [in] bad faith" in violation of the Fourteenth Amendment. (Doc. 10 at 8). Fourth, he argues there was insufficient evidence to support each element of the offenses he was charged with and accordingly the court lacked the factual basis needed to convict him. (Doc. 10 at 9). As Respondents argue (Doc. 23 at 6), and as the R&R observed (Doc. 72 at 5), Murphy-Richardson's four grounds for relief focus on his convictions in CR2016-002165-001 and CR2016-002960-001, rather than the revocation of his probation associated with those cases. That is, he is challenging events leading up to his initial plea and sentencing in 2017 and not to the revocation of probation in 2019.

Anticipating that his petition might have been filed too late, Murphy-Richardson explains his untimeliness has been caused by difficulty accessing legal materials and "from an inadvertent disability of incarceration." (Doc. 10 at 11). He asserts this is sufficient to "pass through the *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] gateway." (Doc. 10 at 11). Respondents answered the petition and asserted it was untimely. Murphy-Richardson contests Respondents' argument that the petition is untimely (Doc. 23 at 5-9) by summarily asserting Respondents admitted "to the allegations being factual," that "conduct of authorities made resorting to State Court remedies impossible," and that Respondents'

arguments are "moot." (Doc. 33 at 2-4).

### III.     Pending motions

Also before the Court are twenty-one motions filed by Murphy-Richardson (Docs. 53, 73, 74, 75, 77, 78, 79, 80, 81, 83, 93, 94, 97, 98, 99, 102, 108, 109, 114, 115, 116), three motions filed by the Arizona Attorney General (Docs. 84, 96, 107), and several responses filed by both sides. (Docs. 85, 86, 87, 91, 92, 103, 104, 105, 110, 111, 112, 113).

Murphy-Richardson has filed one Motion for Stay of State Court Proceedings (Doc. 53), one Motion to Correct Docket (Doc. 74), one Motion (Request) for Notices of Electronic Filing (Doc. 75), one Motion to Consolidate New Action (Doc. 77), one motion for reconsideration of a Court order (titled Objection to Court's Order under Federal Rule of Civil Procedure 46) (Doc. 73), six Motions for Admission (Docs. 78, 79, 80, 81, 82, 83), one Motion to Compel Former Defense Counsel to Turn Over Case Files (Doc. 94), one Motion for Certificate of Appealability (Doc. 97), one Motion for Extension of Time to File Objections (Doc. 98), one Motion to Re-Categorize Appeals (Doc. 99), one Emergency Federal Rule of Civil Procedure 65 Motion for Injunction (Doc. 102), one Motion for Case Status (Doc. 108), and one Emergency Motion to Stay and Prevent Forfeiture (Doc. 109). Two Emergency Motions for Judicial Jurisprudence; Judicial Discretion (Docs. 114, 116), and one Motion Request for Oath and Affirmation. (Doc. 115).

Respondents have filed three Motions to Strike. (Docs. 84, 94, 107).

## ANALYSIS

### I.     Habeas proceedings

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), there exists a one-year limitations period within which a habeas petitioner must file an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs beginning on the latest date of the following four possible starting dates:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1  (B)   the date on which the impediment to filing an application created by State
2      action in violation of the Constitution or laws of the United States is removed, if
3      the applicant was prevented from filing by such State action;
4  (C)   the date on which the constitutional right asserted was initially recognized by
5      the Supreme Court, if the right has been newly recognized by the Supreme Court
6      and made retroactively applicable to cases on collateral review; or
7  (D)   the date on which the factual predicate of the claim or claims presented could
8      have been discovered through the exercise of due diligence.

*Id.*

The R&R correctly stated that Murphy-Richardson's Amended Petition arises from the final judgment and sentence after his guilty plea. (Doc. 72 at 7). Murphy-Richardson made generalized references to § 2244(d)(1)(B) involving a state-created impediment and § 2244(d)(1)(D) involving a newly-discovered factual basis for certain claims, but has not presented evidence either subsection applies to his petition. That is, Murphy-Richardson has failed to show an impediment that violates the Constitution or the laws of the United States, or a causal connection between an impediment and his failure to file a timely petition, such that he could avail himself of the limitations window set by § 2244(d)(1)(B). *See Bryant v. Arizona Attorney Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007) ("To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition.") (citation omitted). And he has not identified any factual predicate of the claims presented that was not known and could not have been discovered through the exercise of due diligence for his claims relating to alleged lack of counsel, ineffective assistance of counsel, or bias of the judge. *See* (Doc. 72 at 8).

With no basis for a different starting date, the R&R correctly noted the AEDPA limitations period began on April 20, 2017 based on the following calculation. (Doc. 72 at 9). Murphy-Richardson was sentenced in the underlying criminal matters on January 19, 2017. (Doc. 23-1 at 42, 48). He had 90 days following the date of sentencing to file post-

conviction review proceedings under Arizona Rule of Criminal Procedure 32 (since January 1, 2020, Arizona Rule of Criminal Procedure 33). *See* Ariz. R. Crim. P. 33. The one-year period begins on "the expiration of time for seeking" direct review. Therefore, the applicable start date for the limitations period was April 20, 2017 and the one-year limitations period terminated on April 19, 2018. Murphy-Richardson did not file his petition until May 28, 2021. (Doc. 1 at 8). His petition was therefore untimely by more than three years.

The R&R also correctly noted that, even if Murphy-Richardson's claims arose from his probation revocations, his petition would still be untimely. (Doc. 72 at 10). His probation revocation occurred on February 1, 2019. (Doc. 23-1 at 150-52). The post-conviction review period under Rule 32 expired 90 days later, on May 2, 2019. The limitations period for his federal petition for writ of habeas corpus therefore terminated on Monday, May 4, 2020. Murphy-Richardson filed his petition with the Court one year and twenty-four days later, on May 28, 2021, meaning it was untimely under AEDPA's one-year statutory limitations window.

Murphy-Richardson is not entitled to equitable tolling of the limitations period. It is a habeas petitioner's burden to establish equitable tolling is justified under the circumstances. *See Rasberry v. Garcia*, 448 F3d 1150, 1153 (9th Cir. 2006). Equitable tolling of AEDPA's limitations period is permitted in the Ninth Circuit "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) (en banc). He "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598-99. Murphy-Richardson explains he was untimely in filing his petition because of lack of records, lack of legal assistance, and his "inadvertent disability of incarceration." (Doc. 10 at 11). The R&R correctly points out that his pro se status, indigence, limited legal resources, ignorance of law, lack of representation, and incarceration do not constitute

extraordinary circumstances justifying equitable tolling. (Doc. 72 at 12) (citing *Rasberry*, 448 F.3d at 1154).

Murphy-Richardson summarily claims his difficulty accessing legal materials and incarceration are sufficient to get him past what he describes as the "*Schlup* gateway" to raise an untimely habeas claim. (Doc. 10 at 11). A convincing showing of actual innocence can be used to avoid the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). But Murphy-Richardson has provided no evidence of his actual innocence on any of his state criminal charges. He therefore has not raised a credible showing of actual innocence sufficient to bring an untimely petition. The untimeliness of Murphy-Richardson's petition is sufficient in itself to bar his claim for habeas relief.

Even if Murphy-Richardson's petition was not barred by the statute of limitations, he has procedurally defaulted his claims. A state prisoner must properly exhaust all state court remedies before a federal habeas court may grant an application for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1). In Arizona, this requires a prisoner to fairly present his claims to the Arizona Court of Appeals in a procedurally appropriate manner, either on direct or collateral review. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). A petitioner may not bring a claim that is subject to a procedural bar in state court. *See Smith v. Stewart*, 241 F.3d 1191, 1195 & n.2 (9th Cir. 2000). Murphy-Richardson failed to raise any of his claims before the Arizona Court of Appeals on either direct or collateral review. (Doc. 23-1 at 69-73, 75-79, 85-87). It is now too late for him to raise those claims before a state court under Arizona Rule of Criminal Procedure 33.

Murphy-Richardson cannot excuse his default because he cannot demonstrate cause for the default or a miscarriage of justice. *See Schlup*, 513 U.S. at 320-21. Murphy-Richardson's incarceration, lack of legal knowledge, and limited resources do not excuse a procedural default. *See Hughes v. Idaho State Bd. Of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986). Although a procedural default may be excused by a "miscarriage of justice," that exception "is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt."

*Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (citing *Schlup*, 513 at 317) (emphasis omitted).  As discussed above, Murphy-Richardson has provided no evidence of his innocence.  Accordingly, he is not entitled to excuse under the miscarriage of justice exception.

Murphy-Richardson therefore is not entitled to habeas relief.

**II.     Pending motions and responses**

Given that Murphy-Richardson is not entitled to habeas relief, the Court will deny all motions pending in this matter as moot.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 72) is **ADOPTED**.  The Amended Petition for Writ of Habeas Corpus (Doc. 10) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the pending motions in this matter (Docs. 53, 73, 74, 75, 77, 78, 79, 80, 81, 83, 84, 93, 94, 96, 97, 98, 99, 102, 107, 108, 109, 114, 115, 116) are **DENIED** as moot.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because dismissal of the petition is justified by untimeliness and procedural default.  Jurists of reason would not find the ruling debatable.

**IT IS FURTHER ORDERED** the Clerk of Court is directed to enter judgment against Petitioner Ismael Antonio Murphy-Richardson and terminate this matter.

Dated this 2nd day of December, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge